IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**NICHOLAS SERVICES, LLC,**
**d/b/a NICHOLAS AIR**                                                                              **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.**_____

**NAPLES JET CENTER HOLDINGS, LLC**                                          **DEFENDANT**

**COMPLAINT**
**JURY TRIAL REQUESTED**

Plaintiff Nicholas Services, LLC ("Nicholas Air") files this Complaint against Defendant Naples Jet Center Holdings, LLC ("Naples Jet Center") and requests judgment against Defendant Naples Jet Center based on the following:

**Parties**

1. Plaintiff Nicholas Air is a business organized in the state of Delaware with its principal place of business at 300 South Lamar Court, Unit B, Oxford, Mississippi 38655.

2. Defendant Naples Jet Center is a Florida business with its principal place of business at 184 Tupelo Road, Naples, Florida 34108.

**Jurisdiction and Venue**

3. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court because the subject incident occurred in Collier County, Florida in the Middle District of Florida.

## Background and Facts

5. On December 9, 2020, a Phenom 300E aircraft identified as N807N, operated and owned by Plaintiff Nicholas Air, was located at the Naples Jet Center.

6. On the same day, a blue tug owned and operated by Defendant Naples Jet Center damaged aircraft N807N, causing it to be unairworthy and grounded until repairs were performed. Blue paint was transferred from the tug to the leading edge of the left wing of the aircraft where the machine scraped and dented the metal. Defendant Naples Jet Center employees attempted to cover up the damage by buffing out the blue paint that was transferred onto the leading edge of the aircraft with green shop rags, which left lint and fabric particles embedded in the damaged portions of the metal.

7. Due to Defendant Naples Jet Center's negligence, Plaintiff Nicholas Air incurred approximately $65,328.81 in repair costs, which included parts, labor, courier services, and administrative expenses.

8. Plaintiff Nicholas Air also incurred costs to schedule, reposition, and substitute the damaged aircraft with another aircraft in order to accomplish the flights that N807N was assigned to complete the day it was damaged by Defendant. These costs incurred on December 9, 2020, that would not have otherwise been necessary had N807N not been damaged by Naples Jet Center, totaled approximately $36,318.00.

9. Plaintiff's aircraft N807N was out of service for five (5) days due to repairs. This period of inactivity cost Nicholas Air at least $83,700.00 in lost revenue.

**Count I- Negligence**

10. At all times relevant, Defendant Naples Jet Center had a duty to operate its equipment, including the subject tug, safely and with the requisite care as to not damage aircraft located on its premises.

11. Defendant Naples Jet Center breached this duty of care when a tug owned and operated by Naples Jet Center damaged aircraft N807N.

12. The damage to aircraft N807N, owned by Plaintiff Nicholas Air, was caused by the negligent and reckless operation of a tug owned by Defendant Naples Jet Center.

13. As a result of Defendant Naples Jet Center's negligence in operating its own equipment, Plaintiff Nicholas Air has suffered extensive economic damages.

**Count II- Intentional Misconduct**

14. Plaintiff Nicholas Air incorporates all the above allegations as if set forth in this Count.

15. Defendant Naples Jet Center was aware of the damage it caused to the subject aircraft.

16. Defendant Naples Jet Center intentionally, and with willful disregard for the safety of others and the fitness of the aircraft, attempted to unlawfully conceal the damage done to the aircraft by Defendant Naples Jet Center's equipment.

17. Defendant Naples Jet Center's intentional concealment of the damage done to the subject aircraft amounts to intentional misconduct under Florida Statute Annotated § 768.72(2)(a), and Plaintiff Nicholas Air is therefore entitled to punitive damages.

**Damages**

**WHEREFORE,** the Plaintiff Nicholas Air demands judgment against Defendant Naples Jet Center for the following:

a) Compensatory damages for the cost of repairing the damaged aircraft, repositioning the aircraft, and lost revenue while the aircraft was out of service;

b) Punitive damages as will be determined by a jury according to the laws of the State of Florida;

c) Costs and attorneys' fees expended in the prosecution of this matter;

d) Pre-judgment and post-judgment interests as provided under the law;

e) Any and all other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted, this the 17th day of October, 2022.

**NICHOLAS SERVICES, LLC**
**d/b/a NICHOLAS AIR**

By: */s/James L. Banks, IV*
James L. Banks, IV (FL Bar #1035232)
FORMAN WATKINS & KRUTZ LLP
210 East Capitol St., Suite 2200
Jackson, MS 39201
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 974-8713
Facsimile:  (601) 960-8613
Jake.Banks@formanwatkins.com

*Counsel for Nicholas Air*