UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLAS SERVICES, LLC,

    Plaintiff,

v.                                      Case No.:  2:22-cv-673-JLB-KCD

NAPLES JET CENTER
HOLDINGS, LLC,

    Defendant.
_____/

## ORDER

This is a negligence case stemming from damage allegedly caused by Naples Jet Center Holdings, LLC, to an aircraft owned by Nicholas Services, LLC. In the operative complaint, Nicholas Services seeks punitive damages and attorney's fees. (Doc. 42.) Naples Jet Center moves to strike those claims. (Doc. 46.) Nicholas Services responded (Doc. 50), making this matter ripe. For the reasons below, Naples Jet Center's motion is denied.

### I. Background

These allegations are taken from the Third Amended Complaint. (Doc. 42.) Nicholas Services, doing business as Nicholas Air, offers private jet services. While grounded at the Naples International Airport, one of its aircraft

was struck by a blue tug[1] owned by Naples Jet Center and operated by its employees. The collision damaged the wing and transferred blue paint to the aircraft. Naples Jet Center's "employees/agents/supervisors/officers" then tried to conceal the damage by rubbing the blue paint off with green shop rags, but the rags left lint and fabric particles embedded in the wing. The aircraft was grounded because of the damage.

Nicholas Air alleges four claims: negligence, gross negligence, trespass to chattel, and respondeat superior. Aside from the repair costs, Nicholas Air incurred costs to substitute another aircraft for the scheduled flights that day and lost revenue for the time the aircraft was out of service, with damages totaling nearly $200,000. (Doc. 42 at 2-3.) Nicholas Air also seeks punitive damages, costs, attorney's fees, and interest. (Doc. 42 at 5.)

## II. Discussion

Under Rule 12(f) of the Federal Rules of Civil Procedure, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is a drastic remedy, disfavored by the courts. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

---

[1] Naples Jet explains that an aircraft tug is a special purpose vehicle typically used to maneuver aircraft to and from parking positions at an airport. (Doc. 46 at n.2.)

**A. Punitive Damages**

Naples Jet Center moves to strike the punitive damages claim on two grounds. First, it argues that the claims on which punitive damages could be awarded—gross negligence and trespass to chattel—fail to state a claim and should be dismissed. In other words, the prayer for punitive damages is not supported by the complaint. This argument is a non-starter. The Court will not backdoor a motion to dismiss through Rule 12(f). The gross negligence and trespass claims remain alive. (Doc. 45.) And because they present a vehicle through which punitive damages can be sought, Naples Jet Center's request to strike is premature. Naples Jet Center can return to Court on this argument once the pleadings are settled by the district judge, if appropriate.

Second, Naples Jet Center argues that Nicholas Air has not pled sufficient facts to create liability for punitive damages because the tortious conduct was done by its employees. (Doc. 46 at 6-9.) Put differently, Nicholas Air failed to show that Naples Jet Center had some fault on its part separate from its employee's actions, which is required in this context. Section 768.72 allows for punitive damages against an employer where its employee engaged in "conduct ... so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct" and the employer "actively and knowingly participated in such conduct[,]" "knowingly condoned, ratified, or consented to such conduct[,]" or

3

"engaged in conduct that constituted gross negligence." Fla. Stat. § 768.72(2)-(3).

Naples Jet Center's second argument doesn't win the day either. Although it is correct that a claimant in federal court must comply with the substantive pleading requirements of § 768.72, the Court cannot agree that the factual allegations here are so lacking as to warrant a motion to strike. *See Gerlach v. Cincinnati Ins. Co.*, 2:12-cv-322-FTM-29, 2012 WL 5507463, *2 (M.D. Fla. Nov. 14, 2012). Nicholas Air has pled that, after the tug accident, Naples Jet Center "employees/agents***/supervisors/officers***" attempted to remove the transferred blue paint with green shop rags to conceal what happened and caused further damage. (Doc. 42 at ¶¶ 7, 8-19, 22-23.) This is specific conduct that crosses beyond simple negligence by an employee—it is active concealment that at least implies Naples Jet Center knowingly participated in or condoned tortious conduct. Accordingly, because there are at least some facts to support a claim for punitive damages, the Court will not strike this requested relief. *Cf. Paylan v. Teitelbaum*, No. 1:15-CV-159-MW-GRJ, 2016 WL 7974824, at *4 n.5 (N.D. Fla. Dec. 22, 2016) ("[T]he fact that Plaintiff's request for punitive damages is sufficient to survive a motion to strike does not mean that Plaintiff is necessarily entitled to receive punitive damages nor does it mean that Plaintiff's claim for punitive damages will survive summary judgment.").

B. **Attorney's Fees**

Naples Jet Center separately requests that the Court strike the Third Amended Complaint's demand for attorney's fees because there is neither a statutory basis, nor an agreement of the parties, to support entitlement to fees. The Court finds this request premature and will deny it without prejudice. *See Caballero v. AAA Diversified Servs., Inc.*, No. 8:10-CV-0680-T-23EAJ, 2010 WL 3222108, at *1 (M.D. Fla. July 27, 2010) ("Because Defendants' ability to prove a set of facts demonstrating their entitlement to attorney's fees cannot be determined at this time, it would be premature to strike their request for attorney's fees."); *Woods v. Deangelo Marine Exhaust, Inc.*, No. 08-81579-CIV, 2009 WL 10667032, at *1 (S.D. Fla. Apr. 20, 2009) ("Plaintiffs' motion to strike defendant's prayer for attorney's fees is premature. The entitlement to attorney's fees is more efficiently litigated after the merits of the underlying dispute have been determined.").

Accordingly, it is **ORDERED**:

Defendant's Motion to Strike Claims for Punitive Damages and Attorney's Fees (Doc. 46) is **DENIED**.

**ENTERED** in Fort Myers, Florida on April 21, 2023.

                                                       Kyle C. Dudek
                                                       United States Magistrate Judge

Copies:  All Parties of Record